**CV 15-6256**

Randy Lipsitz, Esq.
Francesca Silverman, Esq.
KRAMER LEVIN NAFTALIS & FRANKEL LLP
1177 Avenue of the Americas
New York, New York 10036-2714
Telephone: (212) 715-9100
rlipsitz@kramerlevin.com
fsilverman@kramerlevin.com

Alexander C. Trauman. Esq.
MOTSCHENBACHER & BLATTNER LLP
117 SW Taylor Street, Suite 200
Portland, OR 97204-3029
Telephone: (503) 417-0500
atrauman@portlaw.com
(*pro hac vice* to be requested)

BIANCO, J.

TOMLINSON, M.J.

Attorneys for Plaintiff
Mio Sushi International, Inc.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

MIO SUSHI INTERNATIONAL, INC.,
dba MIO SUSHI, an Oregon corporation,

    Plaintiff,

    v.

JCMD CORP. dba Mio Sushi and Steakhouse, a New York corporation,

    Defendant.

Civil Action No. _____

(Jury Trial Demanded)



### COMPLAINT

Plaintiff Mio Sushi International, Inc. ("Mio Sushi" or "Plaintiff") by its attorneys Kramer Levin Naftalis & Frankel LLP and Motschenbacher & Blattner LLP, allege on knowledge and belief as to their own acts and otherwise on information and belief as follows:

### ALLEGATIONS COMMON TO ALL COUNTS

**A. Nature of the Case**

1. Mio Sushi is a corporate franchisor of sushi restaurants in the United States and abroad, conducting business at each franchise location under the name Mio Sushi. Defendant

JCMD Corporation, ("Defendant") is a New York Corporation which conducts business as Mio Sushi and Steakhouse.

2.  This is an action by Mio Sushi for trademark infringement, unfair competition, injury to business reputation, false and deceptive business practices, anti-cybersquatting, in violation of the laws of the United States and the State of New York. Mio Sushi also seeks a preliminary and permanent injunction, damages, including defendant's profits, trebled under the law, punitive damages, attorney fees and costs, and related relief as more fully described herein.

**B.  Jurisdiction and Venue**

3.  Mio Sushi's claims are predicated upon the Trademark Act of 1946, as amended, 15 U.S.C. § 1051 et seq., including 15 U.S.C. §§ 1114(1)(a) and (1)(b), §§1117(a)(1), (a)(3) and (b)(1), and §1125. The Court has jurisdiction over the claims in this matter pursuant to 15 U.S.C. §1121 and 28 U.S.C. §§ 1331, 1338 and 1367(a). Venue is properly founded in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

**C.  The Parties**

4.  Mio Sushi is a corporation duly organized and existing under the laws of the State of Oregon, and maintains its principal place of business at 1703 B NW 16th Avenue, Portland, Oregon, 97209. Mio Sushi is the franchisor of 17 sushi restaurants in the United States and overseas, and conducts business by and through each franchisee under the name and mark "Mio Sushi". Each Mio Sushi franchise restaurant bears the Mio Sushi Trademarks (as defined below).

5.  Defendant is a corporation duly organized and existing under the laws of the State of New York with a place of business at 1932 Jericho Turnpike, East Northport, NY 11731, and is authorized to do and does business in the State of New York and within this District. Upon information and belief, Defendant's corporation was formed on or about May 1, 2013.

6.  Defendant is not and never has (i) been an owner of the Mio Sushi Trademarks,

2

KL3 3052432.1

(ii) a licensee of the Mio Sushi Trademarks, or (iii) ever sought or obtained permission from Mio Sushi to use the Mio Sushi Trademarks to operate a sushi restaurant or otherwise.

### D. Mio Sushi's Trademarks

7. Mio Sushi owns and exclusively controls the following trademarks (the "Mio Sushi Trademarks"), which are relevant to this action and listed on the Principal Register in the United States Patent and Trademark Office:

| Mark | Reg. No. | Reg. Date | Goods/Services | First Use | Owner |
|---|---|---|---|---|---|
| MIO SUSHI (the "Mio Sushi Mark") | 3,910,471 | 1/25/2011 | Restaurant services; restaurant services featuring, namely, sushi and Japanese food items. | 2001 | Mio Sushi International, Inc. |
| mio sushi (the "Mio Sushi Logo") | 4,304,925 | 3/19/2013 | Restaurant services; restaurant services featuring, namely, sushi and Japanese food items. | 2011 | Mio Sushi International, Inc. |

8. Collectively, the Mio Sushi Trademarks consist of the phrase "Mio Sushi" and a design mark picturing a cherry blossom within the letter "O" in Mio Sushi. The English translation of "Mio" in the mark is beautiful cherry blossom.

9. In addition, Mio Sushi uses the Mio Sushi Trademarks to promote and advertise its sushi restaurants online at http://www.miosushi.com/.

10. All of the above Mio Sushi Trademarks are valid and subsisting.

11. The Mio Sushi Trademarks have at all relevant times been owned by Mio Sushi or its predecessors and/or affiliates.

12. As a result of Mio Sushi's exclusive and extensive use and promotion of the Mio Sushi Trademarks in the restaurant goods and services fields, those marks have acquired enormous value, secondary meaning and recognition in the United States and throughout the world among people interested in high quality sushi, as well as people interested in franchising a high quality sushi restaurant with a dependable supply chain. The Mio Sushi Trademarks are well known to the consuming public and trade as identifying and distinguishing Mio Sushi exclusively and uniquely as the source of the high quality sushi

restaurants to which the Mio Sushi Trademarks are applied. The Mio Sushi Trademarks are distinctive.

13. Authentic Mio Sushi restaurants are subject to significant quality control standards to assure the consuming public about the provenance and quality of each Mio Sushi item, and that it has been prepared in accordance with strict specifications. Each Mio Sushi restaurant is also subject to strict procedures regarding the use of the Mio Sushi Trademarks to advertise, promote, and sell sushi.

14. As a result of the foregoing, the Mio Sushi Trademarks have developed a reputation and significance in the minds of the purchasing public, worldwide, as distinguishing sushi sold under the Mio Sushi Trademarks as being of higher quality and prepared to higher standards than most other similar sushi. Potential franchisees look to purchase Mio Sushi franchises because of the pristine reputation Mio Sushi's restaurants enjoy in the public mind.

15. As such, the Mio Sushi Trademarks have become strong marks entitled to a broad scope of protection, and are among Mio Sushi's most important business assets.

16. On or about February 6, 2015, Mio Sushi was registered with the Washington Department of Financial Institutions to sell its sushi restaurant franchises in the state of Washington. On or about March 27, 2015, Mio Sushi was registered by the Hawaii Secretary of State to sell its sushi restaurant franchises in Hawaii. On or about April 16, 2015, Mio Sushi became registered by the Texas Secretary of State to enable Mio Sushi to sell its sushi restaurant franchises in Texas. On or about April 25, 2015, Mio Sushi applied to sell its sushi restaurant franchises in California. Mio Sushi is presently conducting business in several states, including New York. On or about September 29, 2015, Mio Sushi filed a franchise registration application with the New York Office of Attorney General to enable Mio Sushi to sell its sushi restaurant franchises in New York. Mio Sushi's intent to conduct business in the above referenced states (and others in the United States) predates the discovery of Defendant's infringing business.

### E. **Defendant**

17. Defendant operates its infringing restaurant as "Mio Sushi and Steakhouse" at 1932 Jericho Turnpike, East Northport, NY 11731. In addition, Defendant promotes its infringing business online at www.miojapanese.com and www.facebook.com/miojapanese.

18. On or about March 15, 2015, Mio Sushi discovered that Defendant was conducting business using a name identical to the Mio Sushi Mark. Through legal counsel, Mio Sushi sent a letter to Defendant on April 1, 2015, demanding that Defendant cease and desist from using the Mio Sushi Mark. Defendant did not comply with Mio Sushi's demand.

19. On August 17, 2015, Mio Sushi sent Defendant a second demand through legal counsel, notifying Defendant that Mio Sushi would initiate a lawsuit if Defendant did not immediately comply with Mio Sushi's demands. Again, Defendant did not comply.

20. On September 22, 2015, Defendant responded to Mio Sushi's letters, indicating that Defendant had no intent to cease use of the Mio Sushi Mark.

21. On September 25, 2015, Mio Sushi notified Defendant that if it was not willing to change its name, Mio Sushi would have no choice but to initiate litigation. Defendant did not respond substantively to Mio Sushi's final demand.

22. Defendant knowingly, intentionally and willfully used, and continues to use, the Mio Sushi Trademarks in the name of its restaurant and to sell sushi and other food products.

23. Defendant knew that its use of the Mio Sushi Trademarks to identify or describe its restaurant would enhance its image as a sushi restaurant for which Defendant was not known.

24. Indeed, by holding itself out to the general public as *Mio Sushi and Steakhouse*, Defendant knowingly and intentionally created the false impression that it was in some way affiliated with the Plaintiff, Mio Sushi. The "look" and "feel" of Defendant's website is very similar to Mio Sushi's website. Additionally, like the Mio Sushi Logo, Defendant also uses a cherry blossom and red font in connection with the Mio Sushi name.

25. Defendant engaged in the foregoing conduct to trade off of and usurp for itself the value of the Mio Sushi Trademarks and the goodwill associated with them to sell sushi and other

5

food products.

26.    All of the foregoing also diluted the value of the Mio Sushi Trademarks by causing them to be associated with Defendant and its restaurant, which significantly deviates from the established image and atmosphere of Mio Sushi's restaurants.

## COUNT I

### Federal Trademark Infringement

27.    Mio Sushi hereby incorporates by reference and realleges each and every allegation set forth in Paragraphs 1 through 26 above.

28.    Defendant's offer to sell, sale, and advertisement of sushi restaurant services under the Mio Sushi Trademarks violates Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

29.    The Mio Sushi Trademarks are federally registered, and are entitled to protection under both federal and common law.

30.    Defendant's unauthorized use of the Mio Sushi Trademarks is likely to cause confusion, to cause mistake, and to deceive customers, potential customers, and potential franchisees as to the source or origin of Defendant's sushi restaurant and to cause them to mistakenly believe that Defendant's restaurant and sushi is one of Mio Sushi's restaurants, or are otherwise affiliated, connected, or associated with Mio Sushi in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

31.    Defendant's unauthorized use of the Mio Sushi Trademarks has caused, and unless enjoined, will continue to cause substantial and irreparable injury to Mio Sushi for which Mio Sushi has no adequate remedy at law, including substantial and irreparable injury to the goodwill and reputation associated with the Mio Sushi Trademarks.

32.    Upon information and belief, Defendant's infringement of the Mio Sushi Trademarks is willful and reflects Defendant's intent to trade on the goodwill and strong brand recognition associated with the Mio Sushi Trademarks.

33.    Mio Sushi is entitled to injunctive relief, and also entitled to recover their damages, costs, reasonable attorney's fees, and Defendant's profits under 15 U.S.C. §§ 1114,

KL3 3052432.1

1116, 1117.

## COUNT II

**Federal False Designation of Origin and Unfair Competition**

34. Mio Sushi hereby incorporates by reference and realleges each and every allegation set forth in Paragraphs 1 through 33 above.

35. Defendant's operation of a sushi restaurant under the Mio Sushi Trademarks constitutes unfair competition and false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

36. The Mio Sushi Trademarks are federally registered, and are entitled to protection under both federal and common law.

37. Defendant's unauthorized use of the Mio Sushi Trademarks constitutes unfair competition and the use of a false designation of origin that is likely to cause confusion and deceive consumers and potential franchisees as to the impression that Defendant's sushi restaurant is authorized by, or otherwise associated with Mio Sushi in violation of section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

38. Defendant's unauthorized use of the Mio Sushi Trademarks has caused, and unless enjoined, will continue to cause substantial and irreparable injury to Mio Sushi for which Mio Sushi has no adequate remedy at law, including substantial and irreparable injury to the goodwill and reputation associated with the Mio Sushi Trademarks.

39. Upon information and belief, Defendant's infringement of the Mio Sushi Trademarks is willful and reflects Defendant's intent to trade on the goodwill and strong brand recognition associated with the Mio Sushi Trademarks.

40. Mio Sushi has no adequate remedy at law. If use of the Mio Sushi Trademarks by Defendant is not enjoined, Mio Sushi will suffer substantial and irreparable injury to their business reputation and the goodwill associated with the Mio Sushi Trademarks.

KL3 3052432.1

## COUNT III

### Violation of the Anticybersquatting Consumer Protection Act

41. Mio Sushi hereby incorporates by reference and realleges each and every allegation set forth in Paragraphs 1 through 40 above.

42. In addition to Mio Sushi's substantial rights in and to the distinctive Miso Sushi Trademarks, Mio Sushi has owned and operated the domain name miosushi.com since at least as early as November 2000.

43. Subsequent to Mio Sushi's registration of the domain name miosushi.com and the distinctive Mio Sushi Trademarks, in June 2013 Defendant registered the domain name miojapanese.com, and created the "Mio Japanese" Facebook page, www.facebook.com/miojapanese, each of which are confusingly similar to the Mio Sushi Trademarks in violation of 15 U.S.C. § 1125(d).

44. Upon information and belief, Defendant chose its domain name and named its Facebook page with the bad faith intent to profit from the Mio Sushi Trademarks.

45. As a result of Defendant's conduct as described herein, confusion has been created as to the source, sponsorship, affiliation or endorsement of Defendant's website and Facebook page. This confusion has harmed the goodwill of the Mio Sushi Trademarks and has resulted in commercial gain to Defendant.

46. Upon information and belief, Defendant's conduct was and is willful and reflects Defendant's intent to trade on the goodwill and strong brand recognition associated with the Mio Sushi Trademarks.

## COUNT IV

### Violation of New York General Business Law § 349

47. Mio Sushi hereby incorporates by reference and realleges each and every allegation set forth in Paragraphs 1 through 46 above.

48. Without Mio Sushi's authorization or consent, in violation of New York General Business Law §349, and having knowledge of Mio Sushi's well-known, prior rights

in the Mio Sushi Trademarks, Defendant advertised, promoted, offered for sale, and sold to the public sushi using a name that is virtually identical to the Mio Sushi Trademarks, in direct competition with Mio Sushi's restaurants bearing the Mio Sushi Trademarks.

49. Defendant's unauthorized use of the Mio Sushi Trademarks is likely to cause confusion and deceive consumers and potential franchisees as to the origin, sponsorship, or approval of Defendant's sushi restaurant by creating the false and misleading impression that Defendant's sushi restaurant is authorized by, or otherwise associated with Mio Sushi.

50. If Defendant's activities are not enjoined, Mio Sushi will suffer immediate and continuing irreparable harm and injury to their reputation and to the goodwill and distinctiveness in the Mio Sushi Trademarks.

## COUNT V

### Violation of New York General Business Law § 360-L

51. Mio Sushi hereby incorporates by reference and realleges each and every allegation set forth in Paragraphs 1 through 50 above.

52. Defendant's unauthorized offer to sell, sale, distribution, and advertisement of its sushi restaurant bearing the *Mio Sushi* name violates Section 360-L of the New York General Business Law.

53. The Mio Sushi Trademarks are federally registered and are entitled to protection under both federal and New York common law.

54. Defendant's unauthorized use of the Mio Sushi Trademarks is likely to confuse and deceive consumers as to the sponsorship or approval of Defendant's sushi restaurant by creating the false and misleading impression that Defendant's sushi restaurant is authorized, licensed or otherwise associated with Mio Sushi.

55. Defendant's unauthorized use of the Mio Sushi Trademarks, unless enjoined, will cause substantial and irreparable injury to Mio Sushi for which Mio Sushi has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation associated with the Mio Sushi Trademarks.

56. Defendant's unauthorized use of the Mio Sushi Trademarks has diluted and damaged the distinctiveness of Mio Sushi's marks and has caused, and unless enjoined, will continue to cause substantial and irreparable injury to Mio Sushi for which they have no adequate remedy at law, including substantial and irreparable injury to the goodwill and reputation associated with the Mio Sushi Trademarks.

57. Mio Sushi is entitled to injunctive relief, and is also entitled to recovery of Defendant's profits, actual damages, enhanced profits and damages, costs, and reasonable attorney's fees.

## COUNT VI

### Trademark Infringement in Violation of New York Common Law

58. Mio Sushi hereby incorporates by reference and realleges each and every allegation set forth in Paragraphs 1 through 57 above.

59. Defendant's advertisement, promotion, and sale, of sushi under the Mio Sushi Trademarks constitutes common law trademark infringement.

60. The Mio Sushi Trademarks are federally registered, and are used in New York and elsewhere extensively, and are entitled to protection under both federal law and New York common law.

61. Defendant's unauthorized use of the Mio Sushi Trademarks is likely to cause confusion and deceive consumers as to the origin, sponsorship, or approval of Defendant's sushi restaurant by creating the false and misleading impression that Defendant's sushi restaurant is authorized by, or otherwise associated with Mio Sushi.

62. Defendant's unauthorized use of the Mio Sushi Trademarks has caused, and unless enjoined, will continue to cause substantial and irreparable injury to Mio Sushi for which they have no adequate remedy at law, including substantial and irreparable injury to the goodwill and reputation associated with the Mio Sushi Trademarks.

63. Upon information and belief, Defendant's infringement of the Mio Sushi Trademarks is willful and reflects Defendant's intent to trade on the goodwill and strong brand

recognition associated with the Mio Sushi Trademarks.

64. Upon information and belief, Defendant's infringement of the Mio Sushi Trademarks has been deliberate and calculated, having promoted Defendant's sushi and sushi restaurant under the *Mio Sushi* name, resulting in confusion and deception among consumers and potential franchisees as to the origin, sponsorship, or approval of Defendant's sushi restaurant, and resulting in significant damages to Mio Sushi.

65. Mio Sushi are entitled to injunctive relief, and are also entitled to recover their damages, costs, and reasonable attorney's fees.

66. Defendant's acts constitute trademark infringement in violation of the common law of the State of New York.

## COUNT VII

### Unfair Competition in Violation of New York Common Law

67. Mio Sushi hereby incorporates by reference and reallege each and every allegation set forth in Paragraphs 1 through 66 above.

68. With knowledge of the fame and distinctiveness of the Mio Sushi Trademarks, Defendant intended to and did trade on the goodwill and strong brand recognition associated with the Mio Sushi Trademarks by advertising, promoting and selling sushi using the Mio Sushi *name* and under the Mio Sushi Trademarks.

69. Defendant's acts as alleged herein are likely to cause confusion, mistake, and deception to consumers as to the affiliation, connection, or association of Defendant with Mio Sushi, and as to the origin, sponsorship, or approval of Defendant's sushi under the Mio Sushi Trademarks, all to the detriment and damage of Mio Sushi and to the unjust enrichment of Defendant.

70. Defendant's unauthorized use of the Mio Sushi Trademarks, unless enjoined, will cause substantial and irreparable injury to Mio Sushi for which they have no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation associated with the Mio Sushi Trademarks.

KL3 3052432.1

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

A. For judgment that:

(i) Defendant has engaged in trademark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1);

(ii) Defendant has engaged in unfair competition and false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a);

(iii) Defendant has engaged in conduct in violation of the Anticybersquatting Consumer Protection Act;

(iv) Defendant has engaged in unlawful deceptive acts and practices in violation of Section 349 of the New York General Business Law;

(v) Defendant has engaged in trademark dilution in violation of Section 360-L of the New York General Business Law;

(vi) Defendant has engaged in trademark infringement in violation of the common law of New York; and

(vii) Defendant has engaged in unfair competition in violation of the common law of New York.

B. For a preliminary and permanent injunction enjoining Defendant, and any successors or assigns, and its principals, officers, partners, agents, subcontractors, servants, employees, attorneys, affiliates, licensees, subsidiaries and related companies or entities, and all others acting in active concert or participation with it who receive actual notice of the Court's order by personal service or otherwise, from:

(i) using the *Mio Sushi* name and/or the Mio Sushi Trademarks or any other word, symbol, or device or colorable imitation thereof, or any other mark belonging to Mio Sushi, or any other mark, name, or term, in any manner or media, which is likely to cause confusion, to cause mistake, or to deceive;

(ii) diluting and infringing the Mio Sushi Trademarks and damaging Mio

12

Sushi's reputation and their goodwill in the Mio Sushi Trademarks;

(iii) engaging in any other act likely to cause the mistaken belief that Defendant and the sushi it sells or offers to sell are in any way endorsed or sponsored by, or otherwise affiliated, connected, or associated with Mio Sushi; and,

(iv) otherwise competing unfairly with Mio Sushi in any manner.

C. For an order directing (i) the destruction of all packaging, signage, and any printed material, including advertising materials and POS displays, bearing the Mio Sushi Trademarks in Defendant's possession or control, and all plates, molds, matrices and other means of making the aforesaid printed materials, publicly acknowledging the wrongful activities alleged herein.

D. For an order directing Defendant to file with the Court and serve upon Mio Sushi within thirty (30) days after service of the injunction upon Defendant, a report in writing and under oath setting forth in detail the manner and form in which Defendant has complied with the injunction.

E. For an order that: (i) Defendant account for and pay over to the amount of any profits realized by Defendant by reason of Defendant's unlawful and willful acts as alleged herein; (ii) the damages for infringement and dilution of the Mio Sushi Trademarks, including but not limited to the profits realized by Defendant by reason of Defendant's unlawful and willful acts alleged herein, be increased by a sum equal to three times the amount thereof as provided by law; (iii) Mio Sushi be awarded interest, including pre-judgment interest, on all damages sums awarded; (iv) Mio Sushi be awarded their costs and reasonable attorneys' fees and have such other and further relief as the Court may deem equitable, including, but not limited to, any relief set forth under 15 U.S.C. §§ 1116-1118 and N.Y. Gen. Bus. Law §§ 349 and 360(L); and (v) Mio Sushi be awarded actual and punitive damages as provided for under applicable federal law and state law.

F. For such other and further relief as the Court shall deem appropriate.

KL3 3052432.1

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury of all issues so triable.

DATED: New York, New York
October 30, 2015

KRAMER LEVIN NAFTALIS & FRANKEL LLP

_____
Randy Lipsitz, Esq.
Francesca Silverman, Esq.
1177 Avenue of the Americas
New York, New York 10036-2714
Telephone: (212) 715-9100
rlipsitz@kramerlevin.com
fsilverman@kramerlevin.com

&

MOTSCHENBACHER & BLATTNER LLP
Alexander C. Trauman, Esq.
117 SW Taylor Street, Suite 200
Portland, OR 97204-3029
Telephone: (503) 417-0500
atrauman@portlaw.com

Attorneys for Plaintiff
Mio Sushi International, Inc.